UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-23938-CIV-KING

ANDRES FELIPE ARIAS LEIVA,

        *Petitioner*,

    v.

ROBERT WILSON as Acting Warden,
    Federal Detention Center,
    Miami, Florida,
JEFFERSON SESSIONS III,
    U.S. Attorney General,
REX TILLERSON,
    U.S. Secretary of State,

        *Respondents*.
_____/

## REPLY TO RESPONSE TO MOTION FOR RELEASE ON BAIL

This case is a petition for a writ of habeas corpus. It is neither an extradition proceeding nor an appeal from one, as no direct appeal lies from the order of an extradition court. *See Noriega v. Pastrana*, 564 F.3d 1290, 1295 (CA11 2009) ("There is no right to appeal extradition certification determinations … ."). Therefore, 18 U.S.C. § 3184, which confers jurisdiction upon extradition courts, has no application and does not limit this Court's powers in any way.

This Court's authority derives, instead, from 28 U.S.C. § 2241 and the common law of habeas corpus, which empowers the Court to set bail. *See Jimenez v. Aristiguieta*, 314 F.2d 649, 652 (CA5 1963). The petitioner in *Jimenez* was Marcos Perez Jimenez, the former president of Venezuela. Respondents overlook the fact that Mr. Perez Jimenez's bail was not revoked until *after* this District Court had denied his habeas petition challenging his extradition *and* the Fifth Circuit had affirmed the denial of habeas relief. Mr. Perez Jimenez remained free on bail throughout the 14 months his habeas petition was before this Court and the Fifth Circuit. *See id.* at 651 ("The order of the District Court of December 12, 1962 revoking appellant's bail was entered after the unanimous decision of this court affirming the District Court judgment of August 23, 1961, dismissing appellant's petition for habeas corpus

and discharging the orders to show cause issued thereon ... ."). The former Fifth Circuit affirmed this Court's decision to revoke bail only when the last remaining chance for relief lay with the Supreme Court. *See id.* at 653 ("Appellant no longer has an appeal as of right. His only review is by petition for certiorari.") (citations omitted). Thus, *Jimenez* is directly on point and leaves no doubt that this court "ha[s] inherent power as the habeas court or judge" to set bail while the habeas petition is pending. *Id.* at 652.

Thus, Dr. Arias agrees with the Respondents that *Wright v. Henkel*, 190 U.S. 40 (1903), has nothing to do with this habeas action, *see* DE9:7, and does not in any way affect — much less limit — this habeas Court's inherent power to set bail.

Dr. Arias meets the test for bail in habeas cases. *See* DE6:2–8. The leading cases applying that test are *Aronson v. May*, 85 S.Ct. 3 (1964) (Douglas, J., in chambers), and *Calley v. Callaway*, 496 F.2d 701 (CA5 1974). *See* DE6:2–3. The Respondents have not argued that Dr. Arias is not entitled to bail under this test.

Furthermore, the record demonstrates that Dr. Arias is not a flight risk. First, the Respondents concede that Dr. Arias complied with all the conditions of bail set by the Extradition Court. *See* DE6:1–3. Second, there is no support at all for their assertion that Dr. Arias "is highly adept at moving (himself and his family) and accessing financial and other resources in aid of flight ... ." DE9:10. Nothing in the record suggests that Dr. Arias has access to substantial wealth or resources. On the contrary, it was the U.S. Embassy at Bogota that made it possible for Dr. Arias and his family to travel to the United States. DE6:8.

Dr. Arias has never made a move without first alerting the United States government, which encouraged him to seek asylum here and which provided the former cabinet minister and his family the necessary visas, knowing he was about to be convicted. Given those facts, this case, which involves a former presidential candidate prosecuted by his former opponent's administration, presents extraordinary circumstances meriting the exercise of this Court's power to set bail. Accordingly, Dr. Arias reiterates his request for a hearing.

Respectfully submitted,

_____  _____
David Oscar Markus           Ricardo J. Bascuas
Florida Bar No. 119318       Florida Bar No. 093157
Lauren Doyle                 1311 Miller Drive
Florida Bar No. 117687       Coral Gables, Florida 33146
Markus/Moss PLLC             305-284-2672
40 N.W. Third Street Penthouse One
Miami, Florida 33128
305-379-6667

/s/ *Marc David Seitles*
Marc David Seitles
Florida Bar No. 0178284
Seitles & Litwin PA
40 N.W. Third Street, Penthouse One
Miami, Florida 33128
305-403-8070

## CERTIFICATE OF SERVICE

This notice was filed electronically through CM/ECF on 24 November 2017 and served on the United States Attorney's Office through that system.

_____
Ricardo J. Bascuas